UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-00025-LLK

JOSÉ S. POSADAS                                                                                          PLAINTIFF

v.

CAROLYN W. COLVIN                                                                                    DEFENDANT
    Acting Commissioner of Social Security

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. The Plaintiff is represented by Donna Thornton-Green. The fact and law summaries of the Plaintiff and the Defendant are at Docket Entry No. (DN) 14 and DN 15, respectively.

Administrative Law Judge (ALJ) Marci P. Eaton rendered the final decision of the Commissioner denying Plaintiff's disability claim, which is presently before the Court upon judicial review. Administrative Record (AR), pp. 20-33. The ALJ denied the claim at the fifth and final step of the sequential evaluation process based upon a finding that, although Plaintiff can no longer perform his past relevant work, he retains the ability to perform other jobs that exist in significant numbers in the national economy.

Plaintiff disputes only the ALJ's fifth and tenth numbered findings, "conceding the remainder [findings]" (DN 14, p. 1). Finding No. 5 (AR, p. 24) is the ALJ's residual functional capacity (RFC) finding that Plaintiff retains the ability to perform a limited range of light work. Finding No. 10 (AR, p. 32) is the ALJ's fifth-step finding that jobs exist in the national economy that Plaintiff can perform.

For the reasons below, the final decision of the Commissioner is AFFIRMED, and the Plaintiff's complaint is DISMISSED.

**Finding No. 5**

Plaintiff argues that Finding No. 5 regarding the RFC is inadequate because it fails to acknowledge the true extent of his left-arm restrictions. As Plaintiff does not challenge the vocational testimony or the ALJ's reliance on it in support of her ultimate, fifth-step findings, the focus of Plaintiff's challenge is Finding No. 5 – specifically, with respect to his left-arm restrictions.

As a result of a single vehicle accident on April 4, 2010, Plaintiff suffers from a brachial plexus injury affecting his left, non-dominant upper extremity. Brachial plexus injury is a nerve injury affecting use of an upper extremity:

> [I]t is an injury to the network of nerves that sends signals from your spine to your shoulder, arm and hand. A brachial plexus injury occurs when these nerves are stretched or, in the most serious cases, torn. This usually happens when your shoulder is pressed down forcefully while your head is pushed up and away from that shoulder. Brachial plexus injuries are common in contact sports, but they can also result from auto accidents, falls, inflammation and tumors ... Minor injuries may get better on their own, but severe brachial plexus injuries require surgical repair.

*Gile v. Astrue*, 2011 WL 1193127 n.1 (D.Minn.).

Plaintiff's treating physicians, Emily Rayes-Prince and James Holsapple, indicated that Plaintiff's brachial plexus injury is not amenable to further surgical repair due to profound muscle atrophy (AR, pp. 504 and 511).

Plaintiff argues that the ALJ erred in not giving controlling weight to the treating source medical opinions. Any error was harmless because the ALJ's RFC finding for light work (Finding No. 5) is consistent with an opinion that Plaintiff's condition would not benefit by additional surgery.

In addition, even if a treating source had opined a specific left-arm limitation in excess of those stated in Finding No. 5, the VE testified that a significant number of jobs remain even if they must be performed "with just one arm" (AR, p. 55), including school bus monitor, sandwich board carrier, bottle beverage inspector, umbrella tipper, and escort driver. In other words, even if the ALJ was obliged to

find the maximum degree of left-arm restriction, substantial evidence still supports the ALJ's ultimate, fifth-step finding of lack of disability.

Plaintiff contends that the ALJ's decision violated the rules for weighing medical opinions (20 C.F.R. § 404.1527(c) *et seq.*), which require that the treating source medical opinions be given greater weight than those of non-examining state agency program physicians. However, Plaintiff acknowledges, he "lacks specific statements of his disability [i.e., RFC statements regarding what he can still do despite his impairments] from his treating sources" (DN 14, p. 8). The treating source opinions are consistent with Finding No. 5 as reviewing courts are "simply not qualified to interpret raw medical data in functional terms." *Fensterer v. Commissioner*, 2013 WL 4029049 (E.D.Mich.) quoting *Nguyen v. Secretary*, 172 F.3d 31, 35 (1st Cir.1999). "[T]he mere diagnosis [of an impairment] says nothing about the severity of the condition." *Higgs v. Secretary*, 880 F.2d 860, 863 (6th Cir.1988).

Plaintiff's reliance upon treating source opinions that he cannot resume manual labor due to his left-arm condition (AR, pp. 412 and 441) is unpersuasive because these opinions are consistent with the ALJ's decision as a whole as the ALJ agreed that Plaintiff "is unable to perform any past relevant work" (AR, p. 31).

Next, Plaintiff contends that the ALJ's reliance upon the RFC of the state agency program physician violated *Johnson v. Commissioner*, 652 F.3d 646 (6th Cir.2011). *Johnson* found that it was improper for an ALJ to rely on a program physician RFC where the program physician was unaware of specific restrictions opined by the treating physician. In addition, *Johnson* noted in passing that it could not "help but note" that the RFC was actually prepared by a state agency employee and merely signed off on by the program physician.

In this case, state agency disability examiner Kelly Carter apparently prepared the RFC signed by program physician Lisa Beihn. However, *Johnson* is distinguishable in that the treating physicians in this case (Drs. Rayes-Prince and Holsapple) did not opine specific restrictions.

Plaintiff's remaining contentions relate to the ALJ's credibility findings regarding Plaintiff's allegedly disabling pain and other subjective symptoms. The VE testified that Plaintiff would be unemployable if one accepted his testimony of constant, extreme pain affecting concentration, focus, and sleep, need to lie down during the work day, etc. (AR, p. 55).

It is undisputed that Plaintiff suffers from a severe, painful condition (brachial plexus injury), with little hope of prompt recovery. However, Plaintiff has pointed the Court to no evidence, which the ALJ was required to accept as fully credible, of a disabling degree of pain.

Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir.2001). The ALJ and not a reviewing court is to make credibility findings regarding a claimant's subjective complaints. *Murphy v. Secretary*, 801 F.2d 182, 184 (6th Cir.1986). Plaintiff has failed to show that the ALJ acted outside her province or abused her discretion in determining that, notwithstanding Plaintiff's severe and painful condition, he retains the capacity to perform a limited range of light and sedentary jobs in the national economy.

### Finding No. 10

Finding No. 10 (AR, p. 32) is the ALJ's fifth-step finding that jobs exist in the national economy that Plaintiff can perform. The finding was based upon the ALJ's acceptance of testimony from a vocational expert (VE) to the effect that an individual with the limitations stated in Finding No. 5 would be able to perform jobs in the national economy.

As Finding No. 5 is supported by substantial evidence for the reasons discussed above and because Plaintiff offers no specific criticism of the vocational testimony or the ALJ's reliance thereupon, the Court shall decline to disturb Finding No. 10.

**ORDER**

For the foregoing reasons, it is hereby ORDERED that the final decision of the Commissioner is AFFRIMED and that the Plaintiff's complaint is DISMISSED.